NUMBER 13-99-690-CV 



COURT OF APPEALS 

THIRTEENTH DISTRICT OF TEXAS 

CORPUS CHRISTI 

___________________________________________________________________ 



BARNEY JOE DONALSON, JR., Appellant, 



v. 



H. LON HARPER AND MICHAEL J. MCCORMICK,(1)
Appellees. 

___________________________________________________________________ 



On appeal from the 151st District Court 

of Harris County, Texas. 

____________________________________________________________________ 



O P I N I O N 



Before Justices Dorsey, Rodriguez, and Kennedy(2) 



Opinion by Justice Kennedy 



This is an appeal from an order of the district court dismissing, as
frivolous, appellant's suit for declaratory judgment. The dismissal was based upon Texas
Civil Practice and Remedies Code, section 14.003 and for failure to comply with the filing
requirements of chapter fourteen of the code. The declaratory judgment relief sought was: 



Donaldson asks this court to enter a declaratory judgment declaring that
the portion of the habeas corpus statutes which purport to limit inmates to one
application for writ of habeas corpus violates the ". . . shall never be
suspended . . ." provision of the Texas Constitution, article 1, section 12. 



Donaldson asks this court to enter a declaratory judgment declaring that
the portion of the habeas corpus statutes which guarantee death penalty inmates
the representation of "competent counsel" to file their writ of habeas
corpus, while leaving the decision to appoint counsel in all other types of cases
discretionary, violates the Equal Protection Clause of the U.S. Constitution, fourteenth
amendment, and the Equal Rights provision of the Texas Constitution, article 1, section 3.




In addition, appellant requested: 

Donaldson asks this court to grant him equitable relief that enforced
the above declarations by ordering the defendants to appoint Donaldson "competent
counsel" to file and submit an application for writ of habeas corpus, which
defendants shall hear on the merits and grant further relief if warranted. 



Chapter 14 of the Civil Practices and Remedies Code governs inmate
litigation. Section 14.003, entitled "Dismissal of Claim, " states: 

(a) A court may dismiss a claim, either before or after service of
process, if the court finds that: 



(1). . . 

(2) the claim is frivolous or malicious; or 

(3). . . 



(b) in determining the claim is frivolous or malicious, the court may
consider whether: 



(1) a claim's realistic chance of ultimate success is slight; 

(2) the claim has no arguable basis in law or in fact; 



Having carefully considered the basis of appellant's lawsuit, we
conclude that it has no realistic chance of success. There is no justiciable case or
controversy between plaintiff (appellant) and the defendant judges. 

In addition, section 14.004 of the act provides: 

Affidavit related to previous filings 



(a) an inmate who files an affidavit or unsworn declaration of inability
to pay costs shall file a separate affidavit or declaration: 



(1) identifying each suit, other than a suit under the Family Code,
previously brought by the person and in which the person was not represented by an
attorney, without regard to whether the person 

was an inmate at the time the suit was brought; and 



(2) describing each suit that was previously brought by: 

(A) stating the operative facts for which relief was sought; 

(B) listing the case name, cause number, and the court in which the suit
was brought; 

(C) identifying each party named in the suit; and 

(D) stating the result of the suit including whether the suit was
dismissed as frivolous or malicious under section 13.001 or section 14.003 or otherwise. 



(b) if the affidavit or unsworn declaration filed under this section
states a previous suit was dismissed as frivolous or malicious, the affidavit or unsworn
declaration must state the date of the final order affirming the dismissal. 



(c) the affidavit or unsworn declaration must be accompanied by a
certified copy of the trust account statement required by section 14.006(f). 



Appellant's declaration lists some thirty previous suits filed by him,
each of 



which are either wholly or partially deficient in regard to 14.004
(a)(2)(A)(B), and (C). 



The trial judge was within his authority in dismissing this suit. We
AFFIRM the judgment and direct that this suit be dismissed. 

NOAH KENNEDY 

Justice 



Do not publish. 

Tex. R. App. P. 47.3. 





Opinion delivered and filed 

this the 31st day of March, 2000. 

1. Hon. Michael J. McCormick is presiding Judge of
the Texas Court of Criminal Appeals. Hon. H. Lon Harper is a former judge of the 185th
District Court of Harris County, Texas. 

2. Retired Justice Noah Kennedy assigned to this
Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
74.003 (Vernon 1998).